# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Arturo Arevalo,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-12-1178-PHX-NVW (JFM)

**Report & Recommendation
on Petition for Writ of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 4, 2012 (Doc.1).  On January 7, 2013, Respondents filed their Limited Answer (Doc. 14).  Petitioner filed a Reply on February 25, 2013 (Doc. 17).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On February 21, 2003, Petitioner was charged in a Direct Complaint (Exhibit C) with sexual assault and kidnapping, arising out of an assault on Petitioner's ex-girlfriend, after which he left her bound in a closet. (Exhibit F, R.T. 10/8/3 at 10.)  (Exhibits to the Answer, Doc. 14, are referenced hereinafter as "Exhibit ___.")  On July 16, 2003 he was indicted (Exhibit D) in the Maricopa County Superior Court on charges of sexual assault,

kidnapping and aggravated assault.

On October 9, 2003, with the advice of counsel Steve Rempe, Petitioner entered into a written Plea Agreement (Exhibit E), wherein he agreed to plead guilty to ounce count of attempted sexual assault and one count of kidnapping with on prior felony conviction. The parties agreed to a sentence of not less than the presumptive 9.25 years on the kidnapping charge, and a stipulated sentence of lifetime probation on the sexual assault. The remaining charges were to be dismissed.

The Plea Agreement specified that the sexual assault had a sentencing range of 2.5 to 8.75 years, and the kidnapping had a sentencing range of 4.5 years to 23.25 years. (Exhibit E at 2.)

At the change of plea, the trial court reviewed the potential sentences:

> Q.  All right. You went over this before but I will explain it to you.  For Count 1, the presumptive term is 3 1/2 years .
> That can be reduced to as little as 2 years or increased up to 8 years, 9 months; Count 2, presumptive, is 9 1/4 years.
> That can be reduced to as little as 4 ½ years or increased up to 23 1/4 years. Your probation is available on Count 1 and that can be life time probation, correct?
> A.  Yes, Your Honor.
> * * *
> Q …Now, you've agreed, in paragraph 2, that for Count 2, you will be sentenced to prison for not less than 9 1/4 years, which is the presumptive term.
> So the judge could sentence you between 9 1/4  and 23 1/4  years.  For Count 3, and - - correction Count 1, you will receive supervised life time probation and you will do your probation after you get out of prison.
> Count 3 will be dismissed.  An allegation of another prior felony conviction or that you were on probation, these will all be dismissed.  Is that your understanding now as to what will happen?
> A.  Yes, sir.

(Exhibit F, R.T. 10/8/3 at 5-7.)  The trial court further reviewed the requirement that 85 percent of any prison terms be served before any release. (*Id.* at 6.)  The court found the plea knowingly and voluntarily entered, and accepted the plea.  (*Id.* at  11; Exhibit G, M.E. 10/8/3.)

A presentence investigation report was prepared (Exhibit H), recommending the agreed upon sentences, as well as sentencing on other probation violations.  Petitioner

2

appeared for sentencing on January 7, 2004, and was sentenced to an aggravated sentence of 18.5 years on the kidnapping, and lifetime probation on the sexual assault. (Exhibit J, Sentence; Exhibit I R.T. 1/7/04.)

## B. DIRECT APPEAL

Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2.) Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## C. FIRST POST-CONVICTION RELIEF

On February 19, 2004, Petitioner filed a Notice of Post-Conviction Relief (Exhibit L). The Public Defender's Office was appointed (Exhibit M, M.E. 3/8/4), but eventually Defender Karen Kemper filed a Notice of Completion of Review (Exhibit N) asserting an inability to find an issue for review. Subsequently, however, counsel asserted the availability of a claim under *Blakely v. Washington*, ____ (2004), and sought leave to file a petition (Exhibit Q). Counsel eventually field a Petition (Exhibits S and T) asserting a claim under *Blakely*. The Petition was granted on January 11, 2005. (Exhibit W, M.E. 1/11/05.)

The state petitioned for review, which was denied by the Arizona Court of Appeals in January, 2006. Petitioner moved for a Rule 11 examination, which was granted, and on September 26, 2006, the Court found Petitioner competent. (Exhibit PP, M.E. 9/24/9.)

## D. RE-SENTENCING

Eventually, the matter was set for re-sentencing on January 30, 2007, with a jury trial on the aggravating factors. On that date, the trial court denied Petitioner's requests for new counsel, and Petitioner waived his right to a jury trial on the aggravating factors. (Exhibit CC, M.E. 1/30/7.) On January 31, 2007, the court conducted the aggravation

3

and mitigation hearing, and found an aggravating factor, *i.e.* that the victim suffered physical and mental abuse. (Exhibit DD, M.E. 1/31/07.)

On April 24, 2007, the date set for sentencing, counsel Brad Reinhart appeared and advised the Court that Petitioner had spit on him while reviewing the presentence report. New counsel, Nathaniel Carr, was appointed. (Exhibit DD, M.E. 1/31/7.) On October 4, 2007, Petitioner appeared for sentencing and was again sentenced to an aggravated term if 18.5 years on the kidnapping and lifetime probation on the attempted sexual assault. (Exhibit GG, Sentence; Exhibit FF, R.T. 10/4/07.)

### E. SECOND POST-CONVICTION RELIEF

On December 18, 2007, Petitioner commenced his second PCR proceeding by filing his Notice of Post-Conviction Relief (Exhibit II). Counsel Yvette Gray was appointed (Exhibit JJ, M.E. 12/21/7), who eventually filed a Notice of Completion of Review (Exhibit KK), evidencing an inability to find an issue for review. Petitioner was granted leave to file a *pro per* petition, and counsel was directed to remain in an advisory capacity. (Exhibit LL, M.E. 8/5/8.)

On December 1, 2008, Petitioner filed his *Pro Per* Petition for post-conviction relief (Exhibit MM), asserting claims of ineffective assistance of counsel, constitutional violations in sentencing, failure of the judge to recuse himself, and challenges under *Blakely* and *Apprendi*.

The PCR court found the ineffective assistance claims waived by failure to raise them earlier, and alternatively that his claims were not colorable. The court found Petitioner's *Blakely* and sentencing claims without merit. (Exhibit PP, M.E. 9/24/9.)

Petitioner sought review from the Arizona Court of Appeals (Exhibit QQ), raising the same arguments. On April 12, 2012, the Arizona Court of Appeal summarily denied review (Exhibit SS).

/ /

/ /

4

**F.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 4, 2012 (Doc. 1).  "Petitioner raises one ground for relief in which he claims that his trial counsel was ineffective in violation of the Sixth Amendment because counsel informed Petitioner he would received [sic] the presumptive sentence, not an aggravated sentence." (Order 10/11/12, Doc. 7.)

**Response** - On January 7, 2013, Respondents filed their Response ("Answer") (Doc. 14).  Respondents argue that Petitioner's claim is procedurally barred because denied on independent and adequate state grounds.  Respondents further argue that the claim is without merit.

**Reply** - On February 25, 2013, Petitioner filed a Reply (Doc. 17).  Petitioner argues that he fairly presented his claim to the Arizona Court of Appeals in his Petition for Review in his second PCR proceeding.  (*Id.* at 2.)  Petitioner further argues pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), that any failure to fairly present the claim was due to the ineffective assistance of PCR counsel in both his first and second PCR proceedings, and thus he has shown cause to excuse any procedural bar or procedural default.  (*Id.* at 3-4.) Petitioner further argues the merits of ineffective assistance of trial counsel claim.

### III. APPLICATION OF LAW TO FACTS

**A.  PROCEDURAL BAR**

Respondents contend that Petitioner's claim is procedurally barred, because although presented to the Arizona Court of Appeals in his Petition for Review (Exhibit R), the claim was disposed of pursuant to an independent and adequate state ground, *i.e.* the application of Arizona's waiver bar under Ariz.R.Crim.Proc. 32.2(a).

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if

available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

Merely presenting a claim to the Arizona Court of Appeals does not insure that it will be assertable in a habeas proceeding, if the claim is subjected to a procedural bar. "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin*, - - - U.S. - - -, 131 S.Ct. 1120, 1127 (2011).

Here, Petitioner asserts his claim was raised in his petition for review in his second PCR proceeding. (Reply, Doc. 17 at 2.) Respondents do not contend otherwise. (Answer, Doc. 14 at 16-17.) And indeed, Petitioner's Petition for Review did raise a claim of ineffective assistance of counsel, citing a plethora of federal cases, including *Strickland*. (Exhibit QQ, PFR at 5.) And Petitioner argued that "atty. Rempe never

explained me my plea," and "Rempe never explained my plea bargain." (Exhibit QQ, PFR at 3, 5.) He argued that the "only explanation Mr. Rempe made to me about my plea was (4) times 'your [sic] getting 9.25 years.'" (Exhibit QQ, PFR at "Exhibit P.D. Rempe" at 1.)[1]

The Arizona Court of Appeals issued a summary denial (Exhibit SS) of the Petition for Review. When evaluating the nature of such a summary ruling, the habeas court ordinarily looks through to the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Here, the PCR court's order was the last reasoned decision. The PCR court dismissed Petitioner's ineffectiveness claim on the basis of Petitioner's failure to raise it earlier, and on the merits:

> *Ineffective assistance of counsel claims.* The Court finds that Defendant is precluded[2] from raising this claim because he failed to raise this claim on appeal.[3] Further, Defendant has failed to demonstrate a colorable claim for post-conviction relief.

(Exhibit PP, M.E. 9/24/9 at 2 (emphasis in original).)

Here, the application of Arizona's waiver bar to claims not raised in previous proceedings is just such an independent and adequate state ground.

Rule 32.9(a) does not call for an antecedent ruling on the merits of the federal claim, and thus is independent of federal law. *See Harris v. Reed*, 489 U.S. 255, 260 (1989); and *Bennett v. Mueller*, 296 F.3d 752, 757 (9th Cir. 2002).

---

[1] It seems less clear that Petitioner raised in the PCR court a claim based upon the information provided about sentencing. (*See generally* Exhibit MM, PCR Pet.; Exhibit NN PCR Response at 5-6 (summarizing claims); Exhibit RR, PFR Response at 5-6 (same).) However, the state did not argue to the Arizona Court of Appeals that the ineffectiveness claim on review had been expanded beyond that argued to the PCR court. (*See generally* Exhibit RR, PFR Response.)

[2] The PCR court utilized the term "precluded" which commonly is applied to those portions of Ariz.R.Crim.Proc. 32.2(a) which limit the presentation of claims previously presented or decided. However, all of Rule 32.2(a) is captioned "preclusion" and extends to claims "waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.Proc. 32.2(a)(3).

[3] The PCR Court's reference to failure to raise the claim on direct appeal, as opposed to in his first, "of-right" PCR proceeding, seems to be misnomer, inasmuch as Petitioner had no right to file a direct appeal as a pleading defendant, only a PCR petition.

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), the Ninth Circuit specifically addressed the burden of proving the adequacy of a state procedural bar.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Bennett*, 322 F.3d at 584, 585.

Here, Petitioner makes no proffer to show that Rule 32.9(a) is not adequate. (*See generally* Reply, Doc. 17.)

## B.  CAUSE AND PREJUDICE

If the habeas petitioner's claim has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Here, the only cause proffered by Petitioner is the ineffectiveness of counsel in his first PCR proceeding.  The federal courts had long held that only constitutionally ineffective assistance of counsel could establish cause to excuse a procedural default or

procedural bar. In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Court recognized a "narrow exception" to that rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320. The Ninth Circuit has held that "an ineffective assistance of PCR counsel claim used to establish cause for a procedural default of a claim for ineffective assistance of sentencing counsel need not be exhausted itself." *Dickens v. Ryan*, 688 F.3d 1054, 1072 (9th Cir. 2012).[4]

> …under Martinez, a petitioner may establish cause for procedural default of a trial IAC claim, where the state (like Arizona) required the petitioner to raise that claim in collateral proceedings, by demonstrating two things: (1) "counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)," and (2) "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S.Ct. at 1318.

*Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) Here, Petitioner cannot meet either of the requirements under *Martinez*.

**Ineffectiveness of First PCR Counsel** - First, Petitioner has not shown that counsel in his first PCR proceeding was ineffective in failing to assert a claim based on trial counsel's defective advice on sentencing.

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[4] Respondents, contrary to *Dickens*, but relying on a long line of pre-*Martinez* cases, argue that exhaustion of state remedies on a claim of ineffective assistance of PCR counsel is a prerequisite to asserting that ineffectiveness as cause under *Martinez*. (Answer, Doc. 14 at 17, n. 5.) Even if *Dickens* did not hold to the contrary, Petitioner argued throughout his second PCR proceedings that PCR counsel had been ineffective for failing to raise his ineffectiveness claims against trial counsel.

would have been different. *Id.* at 687-88. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial.[5] *Id.* at 697.

An objective standard applies to proving such ineffectiveness, and requires a petitioner to demonstrate that counsel's actions were "outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the defense." *United States v. Houtcens*, 926 F.2d 824, 828 (9th Cir. 1991)(quoting *Strickland*, 466 U.S. at 687-90). The reasonableness of counsel's actions is judged from counsel's perspective at the time of the alleged error in light of all the circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Strickland*, 466 U.S. at 689.

Here, Petitioner argues that PCR counsel should have raised his claim of ineffective assistance of trial counsel. (Reply, doc. 17 at 4.) He even argues that he asked first PCR counsel to challenge the ineffectiveness of trial counsel. (*Id.* at 5, 7.) However, Petitioner fails to offer anything to suggest that he had ever provided a factual basis on which counsel could base such a claim. For example, Petitioner does not establish that he told first PCR counsel that trial counsel had misinformed him about sentencing. Indeed, Petitioner's own second PCR petition seem far more enchanted with the argument that trial counsel had failed to secure an investigator, and devoted little more than a few sentences to claims that trial counsel misinformed Petitioner about sentencing. And, evidence about trial counsel's representations about sentencing were uniquely within the control of Petitioner.

Even if first PCR counsel had been alerted to such a claim, the failure to raise it

---

[5] In the instance where an attorney has "actively represented conflicting interests,", prejudice may be presumed. *Strickland*, 466 U.S. at 692. Here, Petitioner argued to the state courts that first PCR counsel Kemper, and counsel on resentencing, Reinhart, among others, had conflicting interests. (*See e.g.* Exhibit QQ, PFR at 18.) However, Petitioner proffered nothing to show that Kemper actively represented conflicting interests in presenting a claim of ineffective assistance directed at trial counsel Rempe, *e.g.* that they were from the same firm, etc.. Rather, Petitioner simply argued that PCR counsel's failure to follow his instructions to pursue such a claim amounted to a conflict of interest.

1 was not necessarily deficient performance.

2 As demonstrated by the PCR court's conclusion that Petitioner had "failed to demonstrate a colorable claim" of ineffective assistance (Exhibit PP, M.E. 9/24/9 at 2), presenting such a claim would have been futile. It is clear that the failure to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

Moreover, reasonable counsel could have elected not to pursue the claim in light of its limited viability. Petitioner's in-court statements at his change of plea and the written terms of his Plea Agreement belie his assertions of being informed by counsel that he could only receive 9.25 years. Both clearly outlined the potential for sentences of more than 20 years on the kidnapping charge. Petitioner represented to the trial court that he understood these potential sentences. "In assessing the voluntariness of the plea, statements made by a criminal defendant contemporaneously with his plea should be accorded great weight. Solemn declarations made in open court carry a strong presumption of verity." *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986).

At best, Petitioner argues that he was incapacitated by his history of alcohol abuse and mental health issues, and had been led to believe that the state would not seek a sentence beyond the presumptive term of 9.25 years. He argues he was surprised to find at sentencing that that was not the case. (Petition, Doc. 1 at 6.)

However, Petitioner offers nothing to show how his alcohol abuse and mental illness prevented him from comprehending counsel's advice. He was evaluated prior to his original sentencing, with no finding of incompetency. (Exhibit I, R.T. 1/7/04 at 4.) He was found competent in September, 2006, prior to resentencing. (Exhibit PP, M.E. 9/24/09 at 1.) And, his assertions that he could not comprehend counsel's advice contradict with his claims that counsel misinformed him.

Moreover, Petitioner spoke at length to the trial court immediately after the

prosecution argued for an 18.5 year sentence. Petitioner voiced no surprise to that request. (Exhibit I, R.T. 1/7/04 at 6-8.) At best, at the conclusion of the sentencing hearing, Petitioner asked the court to clarify the sentence. "How much am I getting?" (*Id* at 16.) Given that this question arose at the conclusion of the court's pronouncement of the concurrent sentences on the separate violation of probation, Petitioner's lack of clarity appears to have arisen from those concurrent sentences, not any surprise at the imposition of the 18.5 year sentence on the kidnapping charge.

Even if it were presumed that trial counsel misinformed Petitioner, the misrepresentation would only be constitutionally cognizable if it prejudiced Petitioner. In the context of a pleading defendant, prejudice is shown by evidence that had Petitioner been properly advised by trial counsel, he would have rejected the plea agreement and proceeded to trial. *Hill v. Lockhart*, 474 U.S. at 58-59; *Strickland*, 466 U.S. at 694. The Court must assess the circumstances surrounding the case to determine if the petitioner's allegation that he would have proceeded to trial is plausible. *See United States v. Keller*, 902 F.2d 1391, 1394-95 (9th Cir. 1990)(petitioner failed to show prejudice because he entered plea as alternative to long trial, possible conviction on more serious charges and a longer sentence; additional information about parole eligibility was unlikely to affect his decision).

Here, Petitioner received a highly favorable plea agreement. Not only were serious charges dismissed or reduced, but the prosecution stipulated to a probation sentence on the attempted sexual assault charge, which otherwise carried exposure of up to 8.75 years. Moreover, Petitioner has not asserted a viable defense had he proceeded to trial. His statements to the presentence report writer evidenced a jumble of contradictory explanations and excuses, including: (1) the sex was consensual and he only started beating the victim after she called him by another man's name; (2) he attacked her because he heard a voice in his head tell him to do so; (3) the victim was blaming him for a previous assault by another person. (Exhibit H at 2.)

In short, PCR counsel could have reasonably concluded that presentation of a

claim of ineffective assistance of counsel based on misinformation about sentencing was not a viable claim.

**Ineffectiveness of Trial Counsel** – For the reasons discussed hereinabove, Petitioner's claim that trial counsel misinformed him about his potential sentencing at trial is, at present, weak and unsupported. Perhaps, bolstered by an evidentiary hearing, (assuming he could support a request for one) Petitioner could establish an error by counsel. But, that would at best establish defective performance.

For the reasons discussed hereinabove, the undersigned finds no basis to conclude that Petitioner would have gone to trial but for such erroneous advice. Accordingly, there is no basis to find prejudice from any defective performance. Therefore, the undersigned cannot find that trial counsel was constitutionally ineffective.

Thus, Petitioner fails to meet both of the requirements of *Martinez*. Therefore, he cannot rely upon any purported ineffectiveness of PCR counsel to avoid the effect of the procedural bar of his claim by the state courts.

**Prejudice** - The "prejudice" required to show "cause and prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). Establishing prejudice requires showing "not merely that the errors of [petitioner's] trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982). For the same reasons that this Court cannot find "cause," *i.e.* Petitioner's failure to establish ineffective assistance of trial counsel, Petitioner has failed to establish the prejudice necessary to avoid his procedural bar.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the

conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

Petitioner makes no claim of his actual innocence, and the undersigned finds no basis to conclude that Petitioner was actually innocent.

**C. SUMMARY**

Petitioner's claim of ineffective assistance of trial counsel was procedurally barred on an independent and adequate state ground. Petitioner fails to show ineffective assistance of PCR counsel so as to show cause to avoid his procedural bar, and fails to show prejudice as well. Accordingly, the claim and Petitioner's Petition must be dismissed with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed on June 4, 2012 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: March 5, 2013

12-1178r RR 13 02 27 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge